UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES FOR THE CEMENT MASONS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL MAGANA CASTILLO, et al.,<br><br>Defendants. | Case No. 14-cv-04826-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiffs' motion for default judgment. (Docket No. 26). Defendants provided no response, and oral argument was held before the Court on May 4, 2015. After carefully considering the written and oral arguments presented by Plaintiffs in light of applicable law, the Court hereby GRANTS Plaintiffs' motion for default judgment.

**BACKGROUND**

Plaintiff's Complaint in this case was filed with the Court on October 30, 2014. (Docket No. 1). The Complaint was served on Defendants on November 8, 2014, for which proof of service was filed with the Summons on November 14, 2014. (Docket Nos. 6, 7). Defendants' responsive pleading was due on December 1, 2014; however, no answer or other responsive pleadings were filed, and default was entered against Defendants on January 13, 2015. (Docket No. 16).

Defendants are an employer within the meaning of ERISA §§ 3(5) and 515. Additionally, Defendants are an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 185.

For good cause, the Court finds that the allegations in Plaintiffs' Complaint are true, including the following facts. On November 7, 2013, Defendants signed a Memorandum

Agreement with the District Council of Plasterers and Cement Masons of Northern California ("Memorandum Agreement").  Ex. A to Lauziere Decl. (Docket No. 22-1).  The District Council of Plasterers and Cement Masons of Northern California is a labor organization within the meaning of 29 U.S.C. § 150.  By executing the Memorandum Agreement, Defendants became bound to the 2013-2016 Cement Masons Master Agreement for Northern California ("Master Agreement"), which included a provision providing that Defendants were bound by any future modifications, changes, amendments, supplements, extensions or renewals of that agreement.  *Id.*  Defendants also agreed to and became bound to the obligations and duties in the Trust Agreements that govern the Trust Funds identified by the Master Agreement and incorporated therein by reference.  *Id.*

**LEGAL STANDARD**

After entry of default, a court may grant default judgment on the merits of the case.  *See* Fed. R. Civ. P. 55.  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The court considers the following factors in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v.* McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Generally, the factual allegations of the complaint, except those concerning damages, "will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).

**DISCUSSION**

The Court determines that the *Eitel* factors support a finding in favor of Plaintiffs' motion for default judgment.  *See Eitel*, 559 F.2d at 560.  However, the Court also finds it

2

necessary to address the liquidated damages and interest requested by Plaintiffs in this action.

Plaintiffs contend that they are entitled to liquidated damages and interest pursuant to the Trust Agreements and ERISA. Mot. at 12 (Docket No. 26). Plaintiffs explain that they "calculated the liquidated damages and interest amounts due at the Trust Funds' standard rate." ERISA provides that liquidated damages shall be awarded if "(1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers and Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). This Order provides for a judgment in favor of Plaintiffs for unpaid contributions that existed at the time of suit; therefore, factors one and two are met. However, while the plan provides for liquidated damages, the formula for calculating those liquidated damages is less than straightforward.

Plaintiffs have demonstrated that Defendants failed to pay delinquent contributions in the amount of $98,706.42. Mot. at 2; Ex. D to Lauziere Decl. (Docket No. 22-6). Plaintiffs assert that these delinquent payments entitled them to liquidated damages in the amount of $600 and interest in the amount of $10,377.64, pursuant to the Parties' agreements. Mot. at 2, 13. Additionally, Plaintiffs' claim that Defendants' late payments of contributions from February to April 2014 further entitle them to liquidated damages of $450 and interest of $110.62. *Id.*

Plaintiffs' liquidated damages and interest (hereafter collectively "liquidated damages") calculation was initially predicated on Section 8(G) of the Master Agreement. Mot. at 4 (citing Ex. B to Lauziere Decl. § 8(G)(2) (Master Agreement) (Docket No. 22-2)). Specifically, the liquidated damages calculation used by Plaintiffs is contained in Section 8(G)(2). However, this subsection clearly provides that liquidated damages are to be paid after an Individual Employer "is found to be delinquent as a result of an audit." Master Agreement § 8(G)(2). Because the moving papers contained no evidence of an audit, the Court issued an Order instructing Plaintiffs to provide proof of audit. (Docket

3

1  No. 29). In response, Plaintiffs filed a Supplemental Declaration (Docket No. 30)
2  explaining that no audit was conducted, but that liquidated damages were appropriate
3  absent an audit pursuant to Master Agreement § 8(G)(3), which provides that the Master
4  Agreement's liquidated damages provisions (*i.e.* Section 8(G)(2)) are "independent of and
5  in addition to any and all provisions for liquidated damages resulting from delinquencies
6  contained in each of the Trust Agreements . . . ." Plaintiffs next pointed to Article II § 10
7  of the Trust Agreements as the basis for awarding liquidated damages without an audit.
8  Suppl. Decl. at 2 (Docket No. 30).

9  However, Article II § 10 of the Trust Agreements, while authorizing liquidated
10  damages, provides a formula different from the one utilized by Plaintiffs. *Compare* Ex. C
11  to Lauziere Decl. at art. II § 10 (Trust Agreements) (Docket No. 22-3), *with* Mot. at 4. In
12  fact, the formula offered by Plaintiffs is not contained anywhere other than Section 8(G)(2)
13  of the Master Agreement. Additionally, Article II § 10 of the Trust Agreements does not
14  provide for interest on the liquidated damages. On this point, Plaintiffs explained that "the
15  rates utilized by the Trust Funds to calculate liquidated damages owed pursuant to Article
16  II, Section 10 of each of the Trust Agreements were revised to be the same rates stated in
17  Section 8(G)(2) of the Master Agreement." Suppl. Decl. at 3. Plaintiffs further explained
18  that while the Board of Trustees made this revision at a meeting on December 8, 2000, the
19  modified liquidated damages formula is "not reflected yet in" the written Trust
20  Agreements. *Id.* In other words, Plaintiffs contend that their proffered liquidated damages
21  formula should be applied, despite the fact that it is not included in the written Trust
22  Agreements, because it is pursuant to a 15-year old modification that simply has not made
23  its way into writing. For obvious reasons, the Court finds this troubling.

24  With few exceptions, modifications to a written contract must be made in writing.
25  Cal. Civ. Code § 1698. Article XI § 1 of the Trust Agreements provides that modifications
26  to the Trust Agreements may be made "at any time by mutual agreement of the Employer
27  and the Union subject to the terms and conditions of the Collective Bargaining Agreement
28

4

and any applicable law or regulation." The section further provides: "Any amendment or modification of the Trust Agreement may be executed in counterpart."

Here, the Court must rely upon Plaintiff's assertion in the Supplemental Declaration that the proffered liquidated damages formula, which mirrors that contained in Master Agreement § 8(G)(2), was properly adopted as a modification to the Trust Agreements by the Board of Trustees. *See* Suppl. Decl. at 3 (Docket No. 30). It is upon this evidence that the Court approves Plaintiffs' liquidated damages and interest calculation.[1]

**CONCLUSION**

For the foregoing reasons, it is HEREBY ORDERED that Judgment be entered in favor of Plaintiffs and against Defendants as follows:

1. Defendants are ORDERED to pay $98,706.42 in unpaid principal contributions based upon work performed by Defendants' employees during the period of May to August 2014.

2. Defendants are ORDERED to pay $600 in liquidated damages and $10,377.64 in interest relating to contributions reported to the Trust Funds but not paid during the period of May to August 2014.

3. Defendants are ORDERED to pay $450 in liquidated damages and $110.62 in interest for late payments of contributions during the period of February to March 2014.

4. Because Defendants have failed, neglected, or refused to submit to an audit as requested by Plaintiffs pursuant to the Master and Trust Agreements, Defendants are ORDERED to submit to an audit of their books and records covering the period January 1, 2012 to the last completed quarter, by auditors selected by the Plaintiffs, at Defendants' premises during business hours, or where the records are kept, at a reasonable time or

---

[1] At oral argument, Plaintiffs also claimed the right to collect liquidated damages as the cost of collection under Article IV § 3 of the Trust Agreements. However, that section does not provide for liquidated damages (not to mention the fact that actual costs of collection would not constitute liquidated damages), and mentions not the costs of collection but the *legal* costs and expenses associated with the suit. Therefore, this section cannot be the basis for a recovery of liquidated damages and interest.

times, and to allow said auditors to examine and copy such books, records, papers, reports of Concrete by SMC that are relevant to the enforcement of the collective bargaining agreement or Trust Agreements.

5. Defendants are ORDERED to pay all amounts found due and owing as a result of said audit, pursuant to the Trust Agreements.

6. Defendants are ORDERED to pay reasonable attorneys' fees in the amount of $8,148.75 and costs in the amount of $886.09 as provided by ERISA § 502(g)(2) and the Trust Agreements.

7. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

**IT IS SO ORDERED.**

Dated:   05/07/15                              _____
                                               THELTON E. HENDERSON
                                               United States District Judge